# A. S. MARTYN v. FRANCIS CURTIS.

### October Term, 1894.

#### *Evidence.   Presumption.*

The plaintiff claimed that the alleged trespasses were committed
on a ten acre parcel of which the original grant was in
1806, the deed of that date being introduced by the plaintiff.
If the boundaries of this parcel were as claimed by the de-
fendant, there would be no water upon it ; if as claimed by
the plaintiff, they would embrace a brook. The plaintiff
offered to show "that the ten acre piece had long been used
as a pasture, which would have no water in it if its south-
east corner was where defendant claimed." This was ex-
cluded. *Held*, no error, for the offer was not equivalent
to an offer to show that the parcel was so used in 1806.

Trespass *quare clausum*. Plea, not guilty. Trial by
court at the June term, 1894, Ross, C. J., presiding. Upon
the facts found the court gave judgment for the defendant.
The plaintiff excepts.

*John W. Gordon* for the plaintiff.

The excluded evidence tended to render more probable
the claim of the plaintiff, and should have been admitted.
*Armstrong* v. *Noble*, 55 Vt. 428 ; *Randall* v. *Preston*, 52
Vt. 198 ; *Beckley* v. *Jarvis*, 55 Vt. 348 ; *Bartlett* v. *Wilson*,
60 Vt. 644 ; *Fire Ass'n, etc.*, v. *National Bank*, 54 Vt. 657 ;
*Richardson* v. *Royalton, etc., T. Co.*, 6 Vt. 496 ; *Moon* v.
*Hawks*, 2 Aik. 390 ; *Downer* v. *Bowen*, 12 Vt. 452 ; *Kirk-
aldie* v. *Paige*, 17 Vt. 262 ; *Hard* v. *Brown*, 18 Vt. 87 ;

*Walker* v. *Westfield*, 39 Vt. 246; *Kent* v. *Lincoln*, 32 Vt. 591; *Henry* v. *Huntley*, 37 Vt. 316; *Earl* v. *Tupper*, 45 Vt. 275; *Kimball* v. *Locke*, 31 Vt. 683; *Buzzell* v. *Willard*, 44 Vt. 44; *Strong* v. *Slicer*, 35 Vt. 40; *Houghton* v. *Clough*, 30 Vt. 312; Steph. Dig. Ev., Art. 5 and note 1; *Jones* v. *Williams*, 2 M. & W. 326.

Subsequent acts are admissible to prove the original intention. *Hulett* v. *Hulett*, 18 Vt. 87; *Wright* v. *Williams*, 47 Vt. 222; *Brewin* v. *Farrell*, 39 Vt. 206.

*R. M. Harvey* for the defendant.

THOMPSON, J. The plaintiff claimed that the alleged trespass was committed on the ten acre lot owned by him. In his chain of title he put in evidence a deed from Samuel Fifield to David Adams, dated March 8, 1806, the original grant of the ten acre piece, in which the description is as follows:

"Also ten acres of land off the west end of the first division lot drawn to the original right of Ebenezer Brewster, beginning at the southwest corner of said lot and running forty rods east on the south line of said lot, thence turning and running about a north point until it strikes the west line of said lot far enough to contain ten acres."

The parties were at variance by their respective evidence in regard to the true location of the west line of the Brewster lot, and especially of its southwest corner. If the southwest corner was located as claimed by the plaintiff, then his evidence tended to show the forty rods would extend across the brook. If located as the defendant's evidence tended to show, that distance would not extend across the brook. The location of this corner was a material question, for if located as claimed by the defendant, no trespass had been committed.

As evidence tending to show the location of this corner, the plaintiff offered to show "that the ten acre piece has

long been used as a pasture, which would have no water in it if its southwest corner was where defendant claimed." This offer was excluded, to which the plaintiff excepted.

It is now contended by the plaintiff that to show that this piece of land has *long* been used for a pasture would tend to show that it had always been used for that purpose; and if always used for that purpose, water is so essential to a pasture, it is probable that the ten acres described in that deed of 1806 included a part of the brook. The words "has long been used" are indefinite in respect to the time in the past from which, it is claimed, this land has been used as a pasture, but it is not claimed that the offer is to be construed as showing such use at the time the deed was executed in 1806. The existence of a thing permanent in its character, once established, is presumed to continue thereafter until the contrary is shown, but the *use* of land as a pasture is not of such a character. Again, "a presumption is not retrospective." Laws., Presump. Ev. 190, rule 37. Hence, no such inferences as those for which the plaintiff contends can legally be drawn from the evidence excluded. There was no error in excluding it.

*Judgment affirmed.*